**Thomas J. DODD, Plaintiff,**

v.

**Drew PEARSON, Jack Anderson, Defendants.**

**Civ. A. 1193–66.**

United States District Court
District of Columbia.

Dec. 12, 1967.

John F. Sonnett, New York City, and Donald J. Mulvihill, Washington, D. C., for plaintiff.

John Donovan, Washington, D. C., for defendant, Pearson.

Betty Southard Murphy, Washington, D. C., for defendant, Anderson.

## OPINION

HOLTZOFF, District Judge.

The Court has before it plaintiff's motion for summary judgment as to Count 1 of the complaint and for a partial judgment as to Counts 2 and 3.

There are two distinct aspects of this action. The first, which is contained in the first count, is predicated on a charge of abstraction of certain documents from the plaintiff's files by plaintiff's employees and ex-employees. The second and third counts of the complaint comprise the second aspect of the case, namely, causes of action for libel.

Taking up the first cause of action, the record indicates that certain employees and ex-employees of the plaintiff entered his office from time to time, without authority, removed certain documents from his files, took them away, made copies of them, returned the originals and delivered the copies to the defendants. So far as the plaintiff's employees and ex-employees are concerned, assuming these facts, they would be liable in an action for trespass and conversion. They are not being sued, however. The defendants, to whom copies of these documents were delivered, are sued on the basis that they are joint tort feasors with the employees.

On the one hand, it is contended by the plaintiff that the defendants instigated or induced the employees to commit the acts of which he complains. Testimony to that effect has been introduced in support of the motion. On the other hand, the defendants filed affidavits in which they deny these assertions. It is not disputed that they received copies of the documents after the documents had been abstracted by employees and ex-employees of the plaintiff, but they deny that they either instigated or induced the employees to abstract the documents. The Court is of the opinion that the extent of the participation, if any, of the two defendants in the tort committed by the employees, is a relevant issue in this case.

The affidavit of the defendant Anderson submitted in opposition to this motion alleges that neither the defendant Pearson nor he, Anderson, agreed to or requested Boyd, the employee, to obtain such documents. He adds, "On the contrary, I recommended that he not do it." This is more than a mere conclusion. It is not a hearsay statement. Obviously, it is made on the affiant's knowledge. He denies his participation in the tort. There are similar denials in the affidavit of the defendant Pearson.

▇ The problem, then, is whether a person who receives the fruits of a conversion, knowing that they have been obtained by a tortious action, becomes a joint tort feasor. This, of course, is a question of law. Even if, however, it were to be determined in favor of the plaintiff, an issue of fact would, nevertheless, have to be litigated at the trial, because there is a demand for punitive damages and, naturally, the degree and extent of participation of a defendant in a joint tort is very vital in connection with the subject of punitive damages.

It is clear to the Court that issues of fact are raised here by the affidavits submitted in opposition to this motion insofar as the first count of the complaint is concerned and, accordingly, summary judgment may not appropriately be granted as to the first count.

▇ The second and third counts charge the defendants with publishing defamatory statements. In other words, they are an action for libel. There is no doubt about the fact that the statements of which the plaintiff complains, if untrue, are defamatory. The Supreme Court, however, in 1964, in its decision in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, drastically revolutionized the law of libel. It introduced a new principle into the law of libel to the effect that a public

official may not maintain an action for libel as to defamatory publications relating to his official conduct unless he proves actual malice. The term "actual malice" is defined in the opinion, not in the traditional sense in which it has been previously understood, but as meaning that the statement was made "with knowledge of its falsity or with reckless disregard of whether it was true or false."

Naturally, the plaintiff, as a Senator of the United States, is a public official, in fact a high-ranking public official, and therefore his rights in an action for libel have been limited by the decision in the *Sullivan* case. In this respect the law of libel now completely departs from the common law of libel that prevails in England and that existed in this country prior to 1964. The rule of the *Sullivan* case is predicated not merely on the law of libel but on a constitutional principle, namely, freedom of speech guaranteed by the First Amendment. To be sure, the First Amendment from the time of its adoption until 1964 has never been construed in the manner in which it is applied in the *Sullivan* case, but, after all, interpretations of constitutional provisions have changed from generation to generation in many an instance, and this is one of them.

■ It may be said that it is a hardship to a high-ranking public official to be subject to having his reputation ruined, but apparently in the eyes of the Supreme Court this is one of the burdens of public office. One might say it is a strange paradox that we have had an increasing regard in recent years for individual rights, but not as to the right of reputation. Public officials, by the same token, however, are given a certain immunity, because the Supreme Court has held that they are not subject to actions for libel with respect to their official utterances.[1] The fact that the *Sullivan* case is predicated on a constitutional principle makes it applicable not only to the federal courts but also to the States.

In the memorandum in support of the motion, plaintiff's counsel refer to a subsequent case decided by the Supreme Court, Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094. That case, however, is not helpful in this connection. It considers the question whether the principle of the *Sullivan* case should be extended to persons who are not public officials but who are public figures. There is no majority opinion in that case, although the majority does hold that the doctrine of New York Times v. Sullivan should be extended to public figures, to some extent at least. There is a difference of opinion among members of the Supreme Court as to the degree to which that principle should be applicable to public figures, but this question is not involved in this case.

■ Here we have a high-ranking public official whose rights to sue for libel are limited by New York Times v. Sullivan. He may recover only if he establishes by a fair preponderance of the evidence that the defamatory statements were made by the defendants with knowledge of their falsity or with reckless disregard as to whether they were true or false. Those are questions of fact to be determined by the jury. The Court is of the opinion that it would not be in a position to direct a verdict in favor of the plaintiff on that issue, because what constitutes a reckless disregard of truth or falsity is a question of fact. The Court conceives of situations in which it could direct a verdict in favor of the defendant for insufficiency of evidence, but it is otherwise as to directing a verdict in favor of the plaintiff, since what constitutes recklessness is a question of fact that the triers of the facts must determine.

There is also a procedural obstacle which makes the Court hesitate. Discovery has not been completed. There are pending motions relating to dis-

1. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434.

covery. It is argued by plaintiff's counsel that discovery has been completed as to certain aspects of the case. The Court is not in a position, however, to draw this inference until both sides have concluded their discovery. To be sure, neither side would be permitted by the Court to draw out its discovery unreasonably, merely for the purpose of obstructing a motion for summary judgment, but such a situation is not present in this case.

The Court might add that it is difficult to conceive a situation in this case that would lead to disposition of this litigation by summary judgment because it involves so many questions of fact, in view of the recent decisions of the Supreme Court. While plaintiff's counsel has made a very cogent argument in support of the motion, the Court is of the opinion that the motion should be denied.

The motion for summary judgment is denied.